UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| BLACKSTREET ENTERTAINMENT, INC., | ) ) ) |
| EDWARD "TEDDY" THEODORE RILEY, | ) ) ) ) |
| CHAUNCEY HANNIBAL P/K/A CHAUNCEY BLACK | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MARK MIDDLETON, | ) ) ) |
| ERIC WILLIAMS | ) ) ) |
| Defendants. | ) |

FILED
DEC 1 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

Case No.: 2:11-cv-644

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, Blackstreet, Inc., Edward Theodore "Teddy" Riley, and Chauncey Hannibal P/K/A Chauncey Black (hereinafter "Plaintiffs"), pursuant to 15 U.S.C. § 1116(a), 17 U.S.C. § 502(a), Fed. R. Civ. P. 65, and the Court's equitable powers, MOVES the Court to enter a preliminary injunction against Defendants Mark Middleton and Eric Williams (hereinafter "Defendants"), requiring immediately:

A. Defendants to cease performing anywhere and any time, marketing, selling, offering for sale, distributing, telemarketing, advertising and/or placing advertising, and/or otherwise promoting their services that use any designs or marks that are confusingly similar to or which would dilute Plaintiffs' marks (hereinafter "Blackstreet") as shown in Plaintiffs' Complaint and related exhibits;

B. Defendants to cease using the names and/or likenesses of Plaintiffs Riley and Hannibal in any manner for any purpose;

C. Defendants and their agents, servants, employees, and subsidiaries, and all of those entities or individuals in active concert, privity, or participation with Defendant that receive notice of the Court's injunction, to recall all materials, whether physical or digitized, including but not limited posters, flyers, notices, or any other media whether tangible or intangible, bearing the Mark Blackstreet or any derivation thereof and the names and/or likenesses or any derivation thereof of Plaintiffs Riley and Hannibal; and

D. Defendants provide notice of the Injunction to any and all agents, servants, employees, and subsidiaries, and all of those entities or individuals in active concert, privity, or participation with Defendant.

As is set forth more fully in the accompanying memorandum of law pursuant to L.R. *65.1(c)*, Defendants offending services infringe, unfairly compete with, and dilute Plaintiff's Marks, and Defendants have created and continued using these infringing services with knowledge of Plaintiffs' Mark. Defendants has also, with full knowledge of Plaintiff's Copyright, directly copied and infringed, contributed to the infringement of, and induced the infringement of Plaintiffs' Copyrights. Further, Defendants have intentionally and willfully in disregard for the rights of Plaintiffs used the names and likenesses of Riley and Hannibal for commercial purposes.

If Defendants are allowed to continue using its offending sales and marketing materials, including its websites, Plaintiff will be irreparably harmed.

The facts underlying this Motion are verified by the declarations filed herewith, and Plaintiffs submits the following documents in support of its MOTION FOR PRELIMINARY

INJUNCTION:

(1) MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION;
(2) DECLARATION OF EDWARD THEODORE RILEY;
(3) DECLARATION OF CHAUNCEY HANNIBAL;
(4) DECLARATION OF MICHAEL WILLIAMS;
(5) DECLARATION OF DUNCAN G. BYERS
(5) EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION.

Respectfully submitted:

BLACKSTREET, INC.;

EDWARD THEODORE RILEY; AND

CHAUNCEY HANNIBAL

Of Counsel

Duncan G. Byers, Esquire
Virginia Bar No. 48146
Jeffrey D. Wilson, Esquire
Virginia State Bar No. 75734
BYERS LAW GROUP
142 W York Street, Suite 910
Norfolk, VA 23510
(757) 227-3340 Telephone
(757) 227-3341 Facsimile
admin@byerslawgroup.com
duncan.byers@byerslawgroup.com
jdwilson@byerslawgroup.com
*Counsel for Plaintiffs*